UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SCOTT ELLSWORTH FRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 20-CV-0118-JED-JFJ |
| ) | |
| **TERRASOND LIMITED; RAMBOLL** ) | |
| **US CONSULTING, INC; TAYLOR** ) | |
| **HOPKINSON CORPORATION; AND** ) | |
| **ORSTED NORTH AMERICA INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court are: defendant TerraSond Limited's motion to dismiss (Dkt. # 9) and motion to strike (Dkt. #37); defendant Ramboll US Consulting Inc.'s motion to dismiss (Dkt. # 17) and motion to strike (Dkt. # 56); defendant Orsted North America Inc.'s motion to dismiss (Dkt. # 23); defendant Taylor Hopkinson Corporation's motion to dismiss (Dkt. # 28); and plaintiff Scott Ellsworth Fry's motions for accommodation (Dkts. ## 35, 45), motion to stay or dismiss without prejudice (Dkt. # 6), and motion to revise pleading (Dkt. # 58).

### I.     Background

Plaintiff, who is proceeding pro se, filed his original complaint on March 24, 2020, against TerraSond only. Dkt. # 1. The complaint itself is a pro se form titled "Complaint for Employment Discrimination." Id. Plaintiff alleged that TerraSond violated the Americans with Disabilities Act of 1990 (ADA) by terminating his employment, failing to accommodate his disability of ADHD and depression, and retaliating against him for requesting an accommodation. Id. at 4. Plaintiff also claimed TerraSond violated the NDAA Whistleblower Protections Act of 2016 (WPA). Id. at 4. Because plaintiff's complaint is a pro se form, he failed to provide a description of the events

surrounding his claims, but plaintiff attached his EEOC charge to his complaint, which does provide more detail of his claims.

Plaintiff began working for TerraSond—a company that provides marine geophysical land surveys, mapping, charting, and cable pipeline support surveys—as a survey technician on January 7, 2019. Id. at 11, 16; Dkt. # 9, at 2. During his tenure with TerraSond, plaintiff was assigned to work on a seafaring vessel off the coast of New England. Dkt. # 9, at 2. At some point, plaintiff apparently informed his superiors that some members of the crew were using drugs and alcohol in violation of the company's policy. Dkt. # 1, at 12. After this, as plaintiff recounts, all shore leave was cancelled, the entire operation was cancelled, and everyone was made aware that he was the whistleblower. Id. at 13. Plaintiff was demoted after this incident.

As for his claims arising under the ADA, plaintiff alleges that he has ADHD and states that he asked his supervisor at TerraSond to be allowed to wear headphones while doing his job. While plaintiff's EEOC charge is not exactly clear on this issue, it appears as though TerraSond allowed plaintiff to wear his headphones but required him to place one of the two earphones on the side of his head, rather than over his ear, so he "could hear what was going on in the instrument room." Id. at 17. Plaintiff did not feel that this would work for him, but his supervisor became annoyed and commanded that he "make it work." Id. at 17. Plaintiff claims that this interaction with his supervisor at TerraSond was a violation of the ADA, because his supervisor did not engage in an interactive process or act in good faith to determine what specific accommodations were necessary for plaintiff. Id. at 17-18.

On August 9, 2021, plaintiff filed an amended complaint[1] (Dkt. # 7), which names three other defendants: Ramboll, Taylor Hopkinson, and Orsted. In the amended complaint, plaintiff alleges that TerraSond, Orsted, Taylor Hopkinson, and Ramboll all committed disability discrimination and retaliation. The amended complaint also alleges that TerraSond and Taylor Hopkinson are liable for tortious interference, and that Ramboll is liable for breach of contract. Id. at 2. Plaintiff does not include any factual allegations regarding these claims, nor did he attach any documents to his amended complaint.

## II.   Discussion

**A.  Motions to Dismiss for Failure to State a Claim (Rule 12(b)(6)) – (Dkt. ## 9, 17, 23, 28)**

Every defendant filed a motion to dismiss. Dkt. ## 9, 17, 23, 28. Plaintiff filed a response to each motion, which were difficult to follow and attempted to argue matters outside the amended complaint. Dkt. ## 12, 34, 48, 53. Defendants filed their motions to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and 12(b)(6) for failure to state a claim. As the Court will explain below, plaintiff's amended complaint is devoid of any factual allegations against any defendant and thus fails to state a claim upon which relief can be granted against any defendant. Because the Court grants the motion to dismiss pursuant to Rule

---

[1] On August 5, 2021, plaintiff filed a motion to stay and in the alternative dismiss without prejudice (Dkt. # 6). Plaintiff cited Rule 41(a) for the proposition that he may voluntarily dismiss a case by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). However, because plaintiff filed his amended complaint only four days later, the Court construes plaintiff's motion to stay as a motion to amend under Rule 15(a). Plaintiff served TerraSond on July 27, 2021 (Dkt. # 5), and filed his amended complaint on August 9, 2021. Plaintiff had a right to amend his complaint as a matter of course within twenty-one days of serving it, which he did. Thus, plaintiff did not need the Court's permission to file his amended complaint, and the Court denies his motion (Dkt. # 6) as moot. Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course withing: (A) 21 days after serving it . . . .").

12(b)(6), the Court will not address defendants' dismissal requests for lack of personal jurisdiction or improper venue.[2]

1. **Legal Standards**

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim upon which relief may be granted." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1135 (10th Cir. 2014) (internal citations omitted). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 550. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows

---

[2] The Court also notes that plaintiff has not provided any jurisdictional facts to allow the Court to rule on any of defendants' motions to dismiss based on lack of personal jurisdiction. As explained below, the Court will allow plaintiff one last opportunity to amend his amended complaint. In his second amended complaint, plaintiff must describe where certain events occurred. In his original complaint, he sued TerraSond, which is incorporated in Alaska and has its principal place of business in Texas, for employment discrimination that allegedly occurred off the coast of New England. There was no allegation in the complaint to support personal jurisdiction over TerraSond. The amended complaint alleges more claims for relief against more defendants, but it does not appear that any of those defendants are domiciled in Oklahoma either, which means that this Court may not have general personal jurisdiction over one or more of them. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011) (stating paradigm bases for the exercise of general jurisdiction over a corporation is its place of incorporation and principal place of business). Accordingly, in his second amended complaint, plaintiff must plead facts sufficient to show that the actions of the defendants were directed toward Oklahoma. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149, F.3d 1086, 1091 (10th Cir. 1998) (holding that specific jurisdiction inquiry requires court to determine whether defendant "purposely directed its activities at residents of the forum . . . and whether the plaintiff's claim arises out of or results from 'actions by the defendant himself that create a substantial connection with the forum state'").

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 680. Indeed, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. J. Ctr., 492 F.3d 1158, 1163 (10th Cir. 2007). "After all, these are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." Id.

In applying these standards, the Court is mindful that plaintiff proceeds pro se. While pro se pleadings must be liberally construed and held to less stringent standards than pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

### 2. Plaintiff's Complaint Fails to State a Claim for Relief

As a preliminary matter, the Court notes that plaintiff did not attach to his amended complaint the EEOC charge, which described in detail all of plaintiff's allegations against TerraSond relating to his employment while at sea. Consequently, the Court may not consider any of the allegations contained within it because the "amended complaint supersedes the original

5

complaint and renders the original complaint of no legal effect." Franklin v. Kansas Dept. of Corr., 160 F. App'x 730, 734 (10th Cir. 2005).[3] Without the benefit of the EEOC charge, the amended complaint is simply devoid of "the elements that enable the legal system to get weaving." Nasious, 492 F.3d at 1163.

Plaintiff's new claims against Ramboll, Taylor Hopkinson, and Orsted in his amended complaint are even more problematic, given that none of these defendants was included in the EEOC charge that was attached to the original complaint. Thus, while the Court can surmise the relationship plaintiff had with TerraSond, there is literally nothing for the Court to consider regarding plaintiff's claims against Ramboll, Taylor Hopkinson, and Orsted. And even though plaintiff does elaborate, to a limited extent, the facts surrounding his claims against Ramboll, Taylor Hopkinson, and Orsted in his responses to the motions to dismiss (Dkt. ## 12, 34, 48, 53), he cannot cure the fundamental defect of his amended complaint by including additional facts in his response briefs. Hayes v. Whitman, 264 F.3d 1017, 1025 (10th Cir. 2001) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). In short, the amended complaint fails to provide enough facts to plausibly plead a claim showing plaintiff is entitled to relief. Accordingly, defendants' motions to dismiss for failure to state a claim are granted.[4]

---

[3] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[4] The Court notes that TerraSond's motion to dismiss is moot because it was directed at an inoperative pleading—plaintiff's original complaint. And as the Court mentioned above, a pleading that has been amended under Federal Rule of Civil Procedure 15(a) supersedes the pleading it modifies and "renders the original complaint of no legal effect." Franklin, 160 F. App'x at 734. TerraSond never filed a motion to dismiss directed toward plaintiff's amended complaint and noted in its reply brief that it was not going to do so "out of an abundance of caution," so as to "ensure it [did] not waive its personal jurisdiction arguments." Dkt. # 13, at 2-3 n.1. This tactic

### 3. Leave to Amend

District courts "should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001); see also Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1131 (10th Cir. 1994) (holding that a court "should dismiss with leave to amend . . . if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief"). Because plaintiff proceeds pro se, and because it appears that plaintiff may have some basis for his claims against one or more defendant, see Dkt. ## 1, 12, 34, 48, the Court will allow plaintiff an opportunity to amend his amended complaint one last time.

In drafting his second amended complaint, plaintiff should name it "second amended complaint," and set forth his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id. In essence, the second amended complaint must succinctly set forth what plaintiff claims each defendant did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant each claim.

---

was presumptuous, as TerraSond has not filed a motion to dismiss directed at plaintiff's operative pleading, nor has it answered such pleading pursuant to Rule 12. The prudent move would have been to simply file a second motion to dismiss addressing plaintiff's amended complaint. Nonetheless, plaintiff has failed to state a claim against any defendant, including TerraSond, and the Court has the power to dismiss plaintiff's amended complaint sua sponte. See Bailot v. Colorado, 365 F. App'x 853, 855 (10th Cir. 2010) (affirming sua sponte dismissal of plaintiff's complaint for failure to include a short and plain statement showing she was entitled to relief as required by Rule 8(a)(2)); see also Hall, 935 F.2d at 1110. Thus, while the Court denies TerraSond's motion to dismiss as moot, plaintiff's claims against TerraSond are dismissed for failure to state a claim upon which relief can be granted.

### 4. Corporations Cannot Proceed Pro Se

Finally, while plaintiff brought his claims against defendants in his individual capacity, he stated in his response to TerraSond's motion to dismiss (Dkt. # 12) that TerraSond and Taylor Hopkinson committed tortious interference against a limited liability company he formed—Cherokee Government Applications LLC. Dkt. # 12, at 4. Plaintiff cannot represent his company. Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." (citing Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 414 (10th Cir. 1962)). Accordingly, if plaintiff's second amended complaint asserts claims on behalf of his company, his company must be represented by an attorney.

**B. Plaintiff's Request for Blanket Extension of Time to Respond to Filings – (Dkt. ## 35, 45)**

On December 29, 2021, plaintiff filed a document he titled as a motion for accommodation, where he asks for additional time to respond to every future motion filed by the defendants. Dkt. # 35. Plaintiff filed a second, and similar, motion for accommodation on January 4, 2022. Dkt. # 45. Under LCvR7-1(e), parties have twenty-one days to respond to motions. Plaintiff asks the Court to double that limit for each of his responses because of his ADHD. The Court denies both motions. The Court's local civil rules provides a template for how to request extensions of time, and plaintiff should follow it. See LCvR7-1(g). The Court is cognizant of plaintiff's disability and will take that into account when ruling on a specific motion for an extension of time. But the Court will not grant a blanket extension of time to plaintiff to respond to any and all future filings. See Windor v. Boushie, Case No. 13-CV-311-M-DLC-JCL, 2014 WL 1348013, at *2 (D. Mont. Apr.

3, 2014) (holding plaintiff was "not permitted to request an advance ruling granting him a blanket extension of time with respect to any matter [defendant] files in the future").

**IT IS THEREFORE ORDERED** defendant Ramboll US Consulting Inc.'s motion to dismiss (Dkt. # 17), defendant Orsted North America Inc.'s motion to dismiss (Dkt. # 23), and defendant Taylor Hopkinson Corporation's motion to dismiss (Dkt. # 28) are all **granted in part** for failure to state a claim; the remaining grounds of the motions to dismiss are **denied as moot**.

**IT IS FURTHER ORDERED** TerraSond Limited's motion to dismiss (Dkt. # 9) is **denied as moot**. However, the Court dismisses the claims against TerraSond sua sponte because plaintiff failed to state a claim against TerraSond upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff may file a second amended complaint if he can comply with this opinion and order, no later than **March 8, 2022.**

**IT IS FURTHER ORDERED** that plaintiff's motions for accommodation (Dkts. ## 35, 45) are **denied**.

**IT IS FURTHER ORDERED** that defendant TerraSond Limited's motion to strike (Dkt. # 37), defendant Ramboll US Consulting Inc.'s motion to strike (Dkt. # 56), plaintiff's motion to amend (Dkt. # 6), and plaintiff's motion to revise pleading (Dkt. # 58) are **denied as moot**.

**IT IS SO ORDERED** this 15th day of February, 2022.

_____
CLAIRE V. EAGAN FOR JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE